**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DUMONT TYRONE BUSH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-5953** |
| | : | |
| **JEFFREY R. SMITH, *et al.*,** | : | |
| **Defendants.** | : | |

# MEMORANDUM

**SCHMEHL, J.** **OCTOBER 20, 2026**

Plaintiff Dumont Tyrone Bush, a convicted and sentenced state prisoner who is currently incarcerated at the Lehigh County Jail ("LCJ"), filed this civil action pursuant to 42 U.S.C. § 1983 seeking transfer to a state correctional institution and money damages. He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Bush leave to proceed *in forma pauperis* and dismiss his Complaint ("Compl." (ECF No. 2)) on statutory screening for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTUAL ALLEGATIONS[1]

A review of the state court docket system reveals that Bush was charged with several offenses in Lehigh County and was convicted of all charges on May 15, 2025, and sentenced on

---

[1] The following factual allegations are taken from the Complaint, which consists of the Court's form complaint for use by *pro se* litigants, along with several handwritten pages. Bush also attached an exhibit consisting of eighteen pages. (ECF No. 2-1.) The Court considers the entirety of the submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system. The Court may also consider matters of public record when conducting a screening under § 1915. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *see also Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

July 17, 2025. *See Commonwealth v. Bush*, CP-39-CR-0001421-2024 (C.P. Lehigh). Bush was sentenced to an aggregate term of twenty to forty-two years imprisonment. *Id.*

Bush's Complaint asserts constitutional claims against Defendants Jeffrey R. Smith, the Warden at LCJ; the Pennsylvania Department of Corrections, Inmate Classification ("DOC"); the Deputy Secretary for Treatment; and the Bureau of Corrections.[2] (Compl. at 3-4.) He alleges that when he was sentenced on July 17, 2025, he "was to undergo imprisonment in such State Correctional Institution as shall be designated by the Deputy Secretary for Treatment, Bureau of Corrections, and the Department of Corrections." (*Id.* at 6.) Bush contends that because has not been transferred to a state correctional institution to serve his sentence, his rights under the First, Eighth, and Fourteenth Amendments have been violated. (*Id.*) He claims without further explanation, that the delay in transferring him has "caused an objectively serious deprivation with deliberate[] indifference." (*Id.* at 7.) He theorizes "whether prolonged confinement in county jail" is "an atypical hardship" that "could include . . . loss of access to programs, treatment, classification and case planning; reentry preparation, and other opportunities" that are available in state custody. (*Id.*) Bush asserts that he has "exhausted his administrative remedies" by filing grievances, but Defendants have provided him with "false

[2] Bush's claims for monetary damages against the DOC and the Bureau of Corrections are not plausible because these state agencies are entitled to Eleventh Amendment immunity and are also not "persons" for purposes of § 1983. *See Lavia v. Pa., Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."); *Endrikat v. Little*, No. 23-2167, 2023 WL 8519196, at *3 (3d Cir. Dec. 8, 2023) (*per curiam*) (concluding that plaintiff "failed to state a claim with respect to [the Pennsylvania DOC, SCI] Waymart, and the Pennsylvania Board of Probation and Parole, as they are not subject to suit under § 1983") (citations omitted).

responses" as to why he is being held at LCJ, and they have denied his grievances in further deprivation of his constitutional rights. (*Id.* at 7-9.)

Bush avers that he has not sustained any physical injuries but has "endured a number of mental and physical restrains [sic] that would rise to a level that violates [his] constitutional rights." (*Id.* at 10.) He seeks monetary damages, a "fast track through classification," and immediate transfer to SCI Phoenix, SCI Chester, or SCI Dallas. (*Id.* at 10-11.)

## II. STANDARD OF REVIEW

The Court will grant Bush leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Bush's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Bush is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

[3] Because Bush is a prisoner, he still must pay the $350 filing fee in installments as mandated by the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

## III. DISCUSSION

Bush brings a claim based on his continued incarceration at LCJ, and he seeks immediate transfer to a state correctional facility. The Court cannot provide this form of relief in a § 1983 action because it is well-settled that prisoners have no inherent constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (holding that the Constitution does not give rise to liberty interest in avoiding transfers to more adverse conditions of confinement); *see also Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) ("[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State."); *Chavarriaga v. NJ Dept. of Corrs*., 806 F.3d 210, 225 (3d Cir. 2015) ("A state has broad authority to confine an inmate in any of its institutions." (citing *Meachum v. Fano*, 427 U.S. 215, 224 (2005))). Accordingly, to the extent Bush seeks relief in the form of a transfer to a different prison, his claims are dismissed with prejudice.

Further, to the extent that Bush seeks to assert a civil rights claim based on the handling of his grievances, this claim is not plausible because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*). Accordingly, the facts alleged by Bush about the rejection of his grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice. *See also Woods v. First Corr. Med. Inc*., 446 F. App'x 400, 403 (3d Cir. 2011) (*per curiam*) ("[B]ecause a prisoner has no free-standing constitutional right to an effective grievance process, [a prisoner] cannot maintain a constitutional claim . . . based upon his perception that

[the defendant] ignored and/or failed to properly investigate his grievances." (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991))).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Bush leave to proceed *in forma pauperis* and dismiss his Complaint on statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Because amendment would be futile, the dismissal will be entered with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate order will be entered separately. *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*

**JEFFREY L. SCHMEHL, J.**